IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CARL ANTHONY EUBANKS, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:97-cr-00110-DCN |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner Carl Anthony Eubanks's ("Eubanks") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 98, and supplemental § 2255 motion, ECF No. 107. The government filed a motion to dismiss or, in the alternative, for summary judgment, ECF No. 113. For the reasons set forth below, the court denies Eubanks's motions and grants the government's motion.

## I.  BACKGROUND

On March 12, 1997, an indictment charged Eubanks of armed bank robbery in violation of 18 U.S.C. § 2113 (Count 1); possession of a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2); and possession of a weapon by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e) (Count 3). The government filed notice pursuant to 18 U.S.C. § 3559 (also known as the "three-strikes law") that, if convicted, Eubanks would be subject to a mandatory life sentence based on two prior convictions. A jury found Eubanks guilty of all three counts. On December 17, 1998, the court sentenced Eubanks to life imprisonment for Counts 1 and 3

to run concurrently, and life imprisonment for Count 2 to run consecutively to Counts 1 and 3.

On May 3, 2016, the Fourth Circuit granted authorization for Eubanks to file a second or successive 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015).[1] On the same day, Eubanks, acting pro se, filed a motion to vacate under 28 U.S.C. § 2255. ECF No. 98. With the court's permission, Eubanks, through his counsel, supplemented his motion on July 27, 2016. ECF No. 107. On September 29, 2016, the government filed its motion to dismiss, or in the alternative, for summary judgment. ECF No. 113. On September 18, 2017, Eubanks filed his response to the government's motion. ECF No. 114. On July 23, 2019, Eubanks filed a response in support his petition. ECF No. 116.

## II. STANDARD

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[2] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

---

[1] Eubanks previously filed a § 2255 motion, which was denied on the merits on March 13, 2001. ECF No. 9, 00-cv-3645.

[2] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled

2

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty lobby, Inc., 477 U.S. 242, 255 (1986).

### III.   DISCUSSION

Eubanks argues that, based on the Supreme Court's ruling in Johnson, his sentence violates the due process clause. In his supplement filed by counsel, Eubanks expands on this argument. He contends that in light of Johnson, he no longer has the requisite number of qualifying predicate offenses to be classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") or as a career offender under the United States Sentencing Guidelines ("Sentencing Guidelines"). Eubanks further argues that his prior convictions no longer subject him to mandatory life imprisonment under 18 U.S.C. § 3559. The common thread amongst these three sources—the ACCA, the Sentencing Guidelines, and § 3559—is that they contain the same or similar language, known as the residual clause, that the Johnson Court found to be unconstitutionally vague within the ACCA.

---

to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

However, the problem that arises from Eubanks's arguments related to the Sentencing Guidelines and § 3559 is their timeliness. Section 2255 imposes a one-year period of limitations, relevant here, from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Eubanks filed his § 2255 motion based on the newly recognized right in Johnson that the ACCA's residual clause is void for vagueness, which was made retroactive by Welch v. United States, 136 S. Ct. 1257, 1365 (2016). However, the newly recognized right in Johnson only relates to the residual clause in the ACCA, not the residual clause in the Sentencing Guidelines or in § 3559. Indeed, in Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court subsequently "made clear that the right announced in Johnson did not automatically apply to all similarly worded residual clauses." United States v. Brown, 868 F.3d 297, 302 (4th Cir. 2017), cert. denied, 139 S. Ct. 14 (2018).

The Fourth Circuit confronted a similar argument to the ones currently before the court in Brown. The petitioner argued that, based on Johnson's invalidation of the ACCA's residual clause, his resisting-arrest assault conviction could not serve as a predicate crime of violence under U.S.S.G. § 4B1.2(a). Id. at 300. The logic of the petitioner's argument, like Eubanks's argument here, was that Johnson invalidated not only the ACCA's residual clause but also the similar residual clause in the Sentencing Guidelines. The Fourth Circuit rejected that argument, explaining that Beckles limited the application of Johnson to the ACCA and that the Supreme Court has not recognized any right related to the residual clause in the Sentencing Guidelines. The Fourth Circuit

explained that "[i]n a future case, the Supreme Court may agree with an argument similar to Petitioner's that because the challenged residual clause looks like ACCA and operates like ACCA, it is void for vagueness like ACCA." Id. at 303. However, the Fourth Circuit continued, "Beckles demonstrates that quacking like ACCA is not enough to bring a challenge within the purview of the right recognized by Johnson." Id. As such, the court found that the petitioner's motion was untimely in light of § 2255(f)(3)'s requirement of a newly recognized right. Following the reasoning and holding of Brown, Johnson does not recognize any new right that is applicable to the Sentencing Guidelines[3] or § 3559, meaning that Eubanks's arguments as to the Sentencing Guidelines and § 3559 are untimely.

The court acknowledges that district courts outside of the Fourth Circuit have noted that Johnson and Dimaya leave the residual clause of § 3559 "in constitutional doubt" and granted relief to § 2255 petitioners, in part, on that basis. United States v. Minjarez, 374 F. Supp. 3d 977, 985, 994 (E.D. Cal. 2019); Haynes v. United States, 237 F. Supp. 3d 816, 823 (C.D. Ill.), appeal dismissed, 873 F.3d 954 (7th Cir. 2017), and aff'd, 936 F.3d 683 (7th Cir. 2019). However, this court is bound by Fourth Circuit law and, like the Fourth Circuit, is "constrained from reading between the lines of Booker, Johnson, and Beckles to create a right that the Supreme Court has yet to recognize."

---

[3] In Beckles, the Supreme Court also held that the advisory Sentencing Guidelines are not subject to a vagueness challenge, meaning that the residual clause in the advisory Sentencing Guidelines is not void for vagueness. 137 S. Ct. at 895. Eubanks was sentenced under the mandatory Sentencing Guidelines. As discussed in Brown, the Supreme Court has not recognized whether or not the residual clause in the mandatory Sentencing Guidelines are subject to a vagueness challenge. Brown filed a petition for a writ of certiorari, giving the Supreme Court the opportunity to consider this issue, but the Court denied the petition. Brown v. United States, 139 S. Ct. 14 (2018).

5

Brown, 868 F.3d at 304.  The Supreme Court has not yet recognized a right related to the residual clauses in the Sentencing Guidelines or § 3559.  As such, the court finds Eubanks's motion as to these two arguments to be untimely.[4]

However, Eubanks's challenge based on the ACCA is ripe for determination, as Johnson found the residual clause in the ACCA to be void for vagueness.  Therefore, the court is left with the question of whether, absent the residual clause, Eubanks was properly classified and sentenced as an armed career criminal under the ACCA.  Eubanks was found guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g).  Section 924(e) provides that any person who violates § 922(g) and has three previous convictions for a violent felony, a serious drug offense, or both shall be imprisoned for no less than fifteen years.  The statute defines "violent felony" as a crime punishable by imprisonment for more than a year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 922(e)(2)(B) (emphasis added).  The underlined portion of the definition is the unconstitutionally vague residual clause.  Therefore, the definitions that remain intact after Johnson are subsection (i), known as the force clause, and the first part of subsection (ii), known as the enumerated offense clause.

---

[4] The court acknowledges that the government did not make a timeliness argument in its motion.  While the court "is not duty-bound to consider the timeliness" of a habeas petition, the court has the power to consider it sua sponte.  Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002).  The government filed its motion prior to Beckles and Brown, both of which have a substantial impact on the timeliness of Eubanks's motion.  Given the development in the law since the government's motion, which has made clear that Eubanks's challenges based on § 3559 and Sentencing Guidelines are untimely, the court finds its consideration of the timeliness issue to be warranted.

Eubanks's previous convictions that formed the basis for his classification as an armed career criminal were his 1977 New York state conviction of second-degree robbery, his 1984 New York state conviction of attempted possession of a dangerous contraband in prison, and his 1982 New York state conviction of attempted first-degree robbery, second-degree criminal possession of a dangerous weapon, and second-degree attempted assault. Eubanks argues that none of his predicate offenses fall within the enumerated offense clause, and that those offenses also do not meet the definition of a violent felony set forth in the force clause, meaning that Eubanks is improperly classified as an armed career criminal under the ACCA and that Eubanks's sentence for Count 3 must be vacated.

In response, the government contends that even if Eubanks is not longer an armed career criminal based on <u>Johnson</u>, his motion is barred by the concurrent sentence doctrine because Eubanks is serving a mandatory life sentence for Count 1 that runs concurrently with his life sentence for Count 3. As such, the government argues, resentencing would be futile. The court agrees and declines to review the validity of Eubanks's sentence for Count 3 based on the concurrent sentence doctrine.

As recently described by the Fourth Circuit:

> The "concurrent sentence doctrine" authorizes a court to leave the validity of one concurrent sentence unreviewed when another is valid and carries the same or greater duration of punishment so long as there is no substantial possibility that the unreviewed sentence will adversely affect the defendant or, stated otherwise, so long as it can be foreseen with reasonable certainty that the defendant will suffer no adverse collateral consequences by leaving it unreviewed.

<u>United States v. Charles</u>, 932 F.3d 153, 155 (4th Cir. 2019). As such, in order for the doctrine to apply: (1) the defendant must have two concurrent sentences; (2) one sentence must be valid; (3) the valid sentence must carry a duration of punishment that is the same

7

or greater than the unreviewed sentence; and (4) there must be no substantial possibility that the unreviewed sentence will adversely affect the defendant. While the concurrent sentence doctrine cannot be applied to avoid reviewing the validity of convictions, "the doctrine still has continuing force as a species of harmless-error review where a defendant seeks to challenge the legality of a sentence that was imposed for a valid conviction, but where the challenged sentence runs concurrently with a valid sentence of an equal or greater duration." Id. at 160.

In Charles, the Fourth Circuit demonstrated how the application of the concurrent sentence doctrine works. The defendant was convicted of (1) possession of more than 50 grams of cocaine base with intent to distribute and (2) possession of a firearm by a felon in violation of the ACCA. Id. at 155. For his drug-trafficking offense, he was sentenced to 360 months' imprisonment and 10 years of supervised release, and for his firearm offense, he was sentenced to 360 months' imprisonment and 3 years of supervised release. His sentences were to be served concurrently. The defendant filed a § 2255 petition based on Johnson, arguing that both his designation as a career offender under the advisory Sentencing Guidelines for his drug-trafficking offense and his designation as an armed career criminal under the ACCA for his firearm offense were invalid. As to the defendant's challenge based on the advisory Sentencing Guidelines, the district court found defendant's argument to be foreclosed by Beckles, making his drug-trafficking sentence valid. The district court declined to address the defendant's firearm sentence challenge based on the concurrent sentence doctrine, reasoning that the defendant's challenge to his drug-trafficking sentence was valid, that the defendant's two sentences

8

were imposed concurrently, and that any adverse collateral consequences on leaving the defendant's firearm sentence unreviewed were too speculative to warrant review.

The Fourth Circuit held that the district court did not abuse its discretion by applying the concurrent sentence doctrine to leave the defendant's firearm sentence unreviewed. Id. at 162. The court explained that the defendant's challenge to his firearm sentence had no effect on his total term of imprisonment, and the term of supervised release for his drug-trafficking offense was longer than the term of supervised release for the firearm offense. Moreover, the Fourth Circuit found that the defendant's purported adverse collateral consequence of leaving his firearm sentence unreviewed to be "highly speculative and unrealistic." Id. at 161. The defendant argued that, after serving his term of imprisonment and being released from prison, he could commit a violation of his supervised release within the first three years, and that the violation could be so serious that the court would need to vary upward to impose a revocation sentence so that his revocation sentence would be greater than any future revocation sentence if the firearm sentence was reviewed and reduced. The court was unconvinced by this hypothetical, noting that the chance of conditions precedent occurring were remote and, importantly, the defendant was in control of his ability to avoid a violation of his supervised release. Therefore, the Fourth Circuit concluded that the district court did not abuse its discretion by applying the concurrent sentence doctrine.

Here, Eubanks has two concurrent life sentences: one for Count 1 and one for Count 3. Next, the court must determine whether Eubanks's sentence for Count 1 is valid. Eubanks was sentenced to life imprisonment for Count 1 pursuant to § 3559. Section 3559 mandates that a person convicted of a serious violent felony shall be

sentenced to life in prison if he has previously been convicted of two or more serious violent felonies. The statute defines "serious violent felony" as:

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244(a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses; and

> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or <u>that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense</u>;

18 U.S.C. § 3559(c)(2)(F) (emphasis added). In a similar fashion to the ACCA's definition of "violent felony," courts refer to subsection (i) as the enumerated clause, the first portion of subsection (ii) as the force clause, and the underlined portion of subsection (ii) as the residual clause. Eubanks was sentenced to life imprisonment based on his prior New York state convictions of robbery in the second degree and attempted robbery in the first degree as well as his conviction in Count 1 for armed bank robbery.

All three of these convictions fit within the definition of "serious violent felony" based on the enumerated clause. Eubanks's conviction for armed bank robbery under 18 U.S.C. § 2113 is specifically enumerated in the enumerated clause. The Fourth Circuit recently held that a New York third-degree robbery conviction is a "serious violent felony" based on the enumerated clause. United States v. Johnson, 915 F.3d 223, 233 (4th Cir. 2019). The Fourth Circuit also quoted the Second Circuit's conclusion that

10

"there can be no question that New York State convictions for first and second degree robbery by definition qualify as serious violent felonies under § 3559 . . . ." Id. at 231 (quoting United States v. Snype, 441 F.3d 119, 144 (2d Cir. 2006)). As such, Eubanks's second-degree robbery conviction falls within the enumerated clause. Moreover, the enumerated clause also includes attempts, meaning that Eubanks's conviction for attempted first-degree robbery fits within the enumerated clause's definition of "serious violent felony." While Eubanks acknowledges Johnson's holding, he points out that the Fourth Circuit's decision created and exacerbated a circuit split on the application of the categorial approach to § 3559 and that Johnson was docketed in the Supreme Court on July 2, 2019. However, the Supreme Court denied certiorari on October 7, 2019, meaning that Johnson's holding is the final word on this issue in the Fourth Circuit. Johnson v. United States, 140 S. Ct. 268 (2019) (Mem.). Therefore, all three of Eubanks's convictions qualify as "serious violent felonies," meaning his sentence of life imprisonment under § 3559 is valid.[5]

Eubanks's sentence for Count 1, life imprisonment, is equal to his sentence for Count 3, which is also life imprisonment. Eubanks has provided no argument as to whether leaving his Count 3 sentence unreviewed will adversely affect him. Given the

---

[5] The court acknowledges that it declined to consider Eubanks's challenge to his sentence imposed pursuant to § 3559 based on timeliness and then proceeded to consider the validity of his § 3559 sentence in its concurrent sentence doctrine analysis. In this case, the interplay of these two doctrines creates a tension in that one prevents inquiry into the validity of Eubanks's § 3559 sentence while the other mandates it. However, because the timeliness of Eubanks's § 3559 challenge is not jurisdictional, it is within the court's authority to consider the validity of his § 3559 sentence. Moreover, the court's conclusion that Eubanks's § 3559 sentence is valid when applying the concurrent sentence doctrine shows that even if Eubanks's § 3559 challenge were timely, it would fail.

fact that Eubanks is serving two concurrent life sentences and then a consecutive life sentence for Count 2, it is difficult for the court to imagine any adverse effect on Eubanks if his sentence for Count 3 goes unreviewed. Moreover, even if Eubanks's life imprisonment sentence for Count 1 was somehow altered or subsequently invalidated, Eubanks would still face a consecutive sentence of life imprisonment for Count 2. Therefore, the court declines to review the validity of Eubanks's sentence for Count 3 pursuant to the concurrent sentence doctrine.

Eubanks argues that because the ACCA component of his sentence violates due process, "his ENTIRE sentence is infected with constitutional error and he is entitled to be resentenced." ECF No. 107 at 3 (emphasis in original). However, as the government points out, Eubanks cites to no authority for this proposition. Moreover, this court "has broad discretion in crafting relief on a § 2255 claim." United States v. Chaney, 911 F.3d 222, 225 (4th Cir. 2018)). This means that a court is not required to resentence a defendant on all counts when the sentence of only one count is found to be invalid. In United States v. Louthian, the Fourth Circuit found that the district court did not abuse its discretion by declining the petitioner's request for resentencing and instead reducing the petitioner's sentence that was impacted by an improper armed career criminal designation based on Johnson while leaving the sentences for the petitioner's other counts undisturbed. 771 F. App'x 208, 209 (4th Cir. 2019). Therefore, if the court were to determine that Eubanks's ACCA sentence was invalid, it would be within the court's discretion to determine the appropriate manner to grant relief, and the court would not be required to resentence Eubanks on all three counts.

In sum, the court finds that Eubanks's challenges based on the Sentencing Guidelines and § 3559 are untimely and that the concurrent sentence doctrine permits the court to leave the validity of Eubanks's ACCA sentence unreviewed. Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Eubanks does not meet this standard because there is nothing debatable about the court's resolution of his motion.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the government's motion and **DENIES** Eubanks's motions. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**December 30, 2019**
**Charleston, South Carolina**

13